IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW SPENCER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2761 |
| | : | |
| DEPUTY STEVEN WALLS, | : | |
| Defendant. | : | |

MEMORANDUM

**GOLDBERG, J.**                                                                                                     JULY 16, 2018

Plaintiff Andrew Spencer, a prisoner currently incarcerated at the Berks County Jail, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Deputy Steven Walls. Spencer seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Spencer leave to proceed *in forma pauperis* and dismiss his Complaint.

I.        FACTS[1]

Spencer alleges that, on August 10, 2017, while he was in Judge Theresa Johnson's courtroom in the Berks County Court of Common Pleas, he was "physically assaulted" by Deputy Walls. (Compl. at 5.)[2] Spencer claims that Deputy Walls "tried to silence [him] for no apparent reason while [he] was [discretely] speaking to attorney Abby L. Rigdon other than to harass [him]." (*Id.*) Walls was allegedly "directed to escort [Spencer] out and assaulted [him] on the way out." (*Id.*) Spencer believes that Walls and a police officer, Jared Paul Doberstein, set him up. Spencer suffered a "gash on [his] left eyebrow that required 9 stitches" and a "big lump" on his temple above the gash. (*Id.*)

---

[1] The following facts are taken from the Complaint and public dockets for criminal proceedings related to Spencer's claims.

[2] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

1

Public dockets reflect that—apparently in connection with the August 10, 2017 incident—Spencer was charged with aggravated assault, two counts of simple assault, disorderly conduct engage in fighting, and disorderly conduct-unreasonable noise in the Berks County Court of Common Pleas. *See Commonwealth v. Spencer*, Docket No. CP-06-CR-0005559-2017. Public dockets also reflect that Spencer was in court on August 10, 2017, in connection with a prior criminal proceeding against him, *Commonwealth v. Spencer*, Docket No. CP-06-CR-0002442-2017, in which he was charged with aggravated assault, simple assault, resisting arrest, and harassment. The docket for that case reflects that Spencer was represented by Abby Rigdon at the time of the hearing and that she was replaced by other counsel after the August 10, 2017 incident.

In the instant civil action, Spencer makes clear that he does not seek any monetary relief. Instead he asks only that "officer Jared Paul Doberstein drop the charges he put on [him]." (Compl. at 7-8.) Spencer states that he "[doesn't] want money. Just [his] freedom." (*Id.* at 8.) The criminal charges that Spencer seeks to be freed from are not clear from the Complaint. In other words, it is not clear whether Spencer is asking this Court to dismiss the charges in *Commonwealth v. Spencer*, Docket No. CP-06-CR-0005559-2017 or *Commonwealth v. Spencer*, Docket No. CP-06-CR-0002442-2017, or whether there are other criminal charges from which Spencer seeks relief.

## II. STANDARD OF REVIEW

Spencer is granted leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] As Spencer is proceeding *in forma pauperis*, the Court is obligated to screen his Complaint pursuant to 28 U.S.C. §

---

[3] However, as Spencer is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii). That provision requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Spencer is proceeding *pro se*, the Court is obligated to construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Court construes the Complaint as raising an excessive force claim against Deputy Walls. However, the only relief Spencer seeks with regard to that claim is the dismissal of criminal charges filed against him. Accordingly, the Court must dismiss this case because it lacks authority to grant Spencer the relief he seeks, as this Court may not intervene in Spencer's state criminal proceedings, regardless of the criminal proceedings at issue. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate.").

If Spencer seeks dismissal of the charges against him, he must present his arguments for dismissal to the state court. If appropriate, he may seek federal *habeas* review in the pretrial stage by filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 after exhausting state remedies.

### IV. CONCLUSION

The Court will dismiss the Complaint for the reasons above. However, the dismissal is without prejudice to Spencer challenging the charges against him in state court or, if appropriate,

in a federal *habeas corpus* proceeding after exhausting state remedies.  The dismissal is also without prejudice to Spencer filing an amended complaint in the event he seeks alternative remedies against Deputy Walls.  An appropriate order follows, which shall be docketed separately.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

**MITCHELL S. GOLDBERG, J.**